

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2006

# Ehoan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5091

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ehoan v. Atty Gen USA" (2006). *2006 Decisions*. Paper 61.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/61

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5091
_____

AMANLAMAN EHOAN,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A77 626 810)
_____

Submitted Under Third Circuit LAR 34.1(a)
October 10, 2006

BEFORE: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed:   December 20, 2006)

_____

OPINION
_____

PER CURIAM

Amanlaman Ehoan, a native and citizen of Cote d'Ivoire, arrived in the United

States in 2000 and sought political asylum and withholding of removal. The Immigration Judge ("IJ") denied relief, and in 2002 the Board of Immigration Appeals ("BIA") affirmed. Thereafter, the BIA granted Ehoan's motion to reopen the removal proceedings and the IJ heard additional evidence in support of Ehoan's application. The IJ found that Ehoan had committed "serious non-political crimes" and therefore was ineligible for asylum and withholding of removal. The IJ also found that Ehoan had not satisfied his burden of proving eligibility for a deferral of removal. The BIA summarily affirmed without opinion.[1]

## I.

A petitioner is subject to the mandatory denial of his application for asylum and withholding of removal if there are "serious reasons for believing that [he] has committed a serious nonpolitical crime" in another country prior to his arrival in the United States. 8 U.S.C. §§ 1158(b)(2)(A)(iii), 1231(b)(3)(B)(iii). The BIA generally defines "serious nonpolitical crime" as conduct in which the criminal nature of the offense outweighs its political aspects. Matter of McMullen, 19 I. & N. Dec. 90, 97-98 (BIA 1984); Immigration & Naturalization Serv. v. Aguirre-Aguirre, 526 U.S. 415, 429 (1999) (approving of McMullen test). This "formulation does not purport to provide a comprehensive definition, . . . and the full elaboration of [the] standard . . . await[s] further cases . . . ." Aguirre-Aguirre, 526 U.S. at 429.

---

[1] As we write primarily for the parties, we will discuss below only those facts relevant to the disposition of this case.

Although we recognize that the BIA may issue summary affirmances without opinion, it must do so pursuant to its regulations and its decision to summarily affirm is subject to judicial review. See Smriko v. Ashcroft, 387 F.3d 279, 295-96 (3d Cir. 2004). The regulations permit a BIA member to affirm without opinion if the "issues . . . are squarely controlled by existing [BIA] or federal court precedent and do not involve the application of precedent to a novel factual situation" or if the "factual and legal issues . . . are not so substantial that the case warrants the issuance of a written opinion." 8 C.F.R. § 1003.1(e)(4)(i). Neither condition was satisfied in this case. We have not found any cases with facts sufficiently close to those presented here—particularly given that Ehoan's activities, unlike those at issue in Aguirre-Aguirre, did not involve physically harming anyone —to warrant a finding that the case is "squarely controlled" by prior precedent. Aguirre-Aguirre, 526 U.S. at 429. In addition, the Supreme Court stated in Aguirre-Aguirre that this area of law is only partially developed. Id. Also the issue in this case is not insubstantial. As stated by the Supreme Court:

> judicial deference to the Executive Branch is especially appropriate in the immigration context where officials exercise especially sensitive political functions that implicate questions of foreign relations. A decision by the Attorney General to deem certain violent offenses committed in another country as political in nature, and to allow the perpetrators to remain in the United States, may affect our relations with that country or its neighbors. The judiciary is not well positioned to shoulder primary responsibility for assessing the likelihood and importance of such diplomatic repercussions.

3

<u>Aguirre-Aguirre</u>, 526 U.S. at 425.[2]

Accordingly, we conclude that the BIA's decision to affirm without issuing a written opinion, given the specific circumstances of this case, was arbitrary and capricious. <u>See</u> <u>Smriko</u>, 387 F.3d at 296. We will therefore grant the petition for review as to the asylum and withholding of removal claims and remand to the BIA for further proceedings.[3]

II.

A petitioner subject to the mandatory denial of withholding of removal shall be granted a temporary deferral of removal to the proposed country of removal if he is otherwise entitled to protection under the Convention Against Torture ("Convention"). 8 C.F.R. § 1208.17(a). To be entitled to protection under the Convention, a petitioner must demonstrate that it is more likely than not that he will be tortured if removed to the country of proposed removal. 8 C.F.R. § 1208.16(c)(2). Torture is an extreme form of cruel and inhuman treatment "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Acquiescence requires that "prior to the activity constituting torture, [the official has] awareness of such activity and thereafter breach[s] his . . . legal

---

[2] For these reasons, we decline to consider overlooking the improper streamlining and reviewing the IJ's decision on the merits. <u>See</u> <u>Smriko</u>, 387 F.3d at 296, n.11 (recognizing that other courts have found that in some cases it makes no practical difference whether the BIA improperly streamlined its review).

[3] We express no opinion as to Ehoan's eligibility for asylum and withholding of removal.

4

responsibility to intervene to prevent such activity." 8 C.F.R. § 208.18(a)(7).

Ehoan testified that in 1990, while a member of the Democratic Party of Cote d'Ivoire ("PDCI"), he was abducted by soldiers who were supporters of the Front Populair Ivoirien ("FPI"), an opposing party. A.R. 129-132. Ehoan was beaten and raped by the soldiers and forced to lie down on a hot road and stare at the sun in the middle of the afternoon. A.R. 133-38. Later, Ehoan's uncle, an army commander, came to the site. A.R. 139. The soldiers learned that Ehoan was the commander's nephew, and Ehoan was released. A.R. 140. Ehoan's uncle subsequently told Ehoan that he did not report the incident to the soldiers' superiors because once the soldiers knew they had been identified, they would seek to catch Ehoan again and kill him. A.R. 141-42. Nonetheless, Ehoan's uncle told Ehoan that he would not be harmed again, and Ehoan was not harmed prior to leaving Cote d'Ivoire. A.R. 150-51, 157-58. The IJ found that Ehoan had not demonstrated that the rape was inflicted by or at the instigation or acquiescence of government officials. A.R. 102-03.

We review the IJ's factual findings under the substantial evidence standard,[4] whereby the findings are upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Zheng v. Gonzales, 417 F.3d 379, 381 (3d Cir. 2005). We have reviewed the record and find that the IJ's finding about

---

[4] Unlike the finding that Ehoan had committed a 'serious non-political crime', this claim does not present a "novel factual situation" or raise an issue that necessarily warrants a written opinion by the BIA. Accordingly, we will review the IJ's opinion. Cf. Smriko, 387 F.3d at 296.

the lack of involvement or acquiescence by the government is supported by substantial evidence such that a reasonable adjudicator would not be compelled to find otherwise. Furthermore, Ehoan's reliance on Khouzam v. Ashcroft, 361 F.3d 161 (2d Cir. 2004) is misplaced. In Khouzam the court noted that the "routine nature" of the torture by police acting in their private capacities in conjunction with the criminal justice system provides evidence that higher-level officials acquiesced in the conduct. Id. at 171. In this case, no evidence was provided that FPI soldiers routinely raped PDCI members.

The IJ, however, failed to address the evidence that Ehoan submitted showing that conditions had changed in Cote d'Ivoire so as to increase the likelihood that he would be subjected to torture upon his return. Reading the transcript of the IJ hearing, it appears that there was some confusion as to whether the BIA granted the motion to reopen on the basis of this evidence, as the only evidence that the BIA addressed in its order regarded Ehoan's 1990 rape. The record shows that Ehoan submitted evidence of changed conditions with the motion to reopen, that he addresses those conditions in the motion itself, and that the BIA did not affirmatively indicate that it was only partially granting Ehoan's motion. Moreover, the IJ admitted changed conditions evidence in her hearing after the BIA reopened the case. As we have held, we simply cannot meaningfully review the IJ and BIA's decisions when they fail to address key issues. See Cruz v. Att'y Gen. of the U.S., 452 F.3d 240, 248-49 (3d Cir. 2006).

Accordingly, we will also grant the petition for review as to the deferral of

removal claim.[5]

---

[5] We express no opinion as to the merits of Ehoan's claim that subsequent events indicate that he will be tortured upon his removal.